UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE GOULDING, | : |
| Petitioner, | : Civ. No. 21-13642 (KM) |
| v. | : |
| U.S. Bank National Association, | : **OPINION** |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

I.  **INTRODUCTION**

Pro se Petitioner Michelle Goulding petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"),[1] the Court must screen the petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." I dismissed a nearly identical petition on September 10, 2020, and later denied what I construed to be a motion for reconsideration on April 8, 2021.[2] *Goulding v. U.S. Bank Nat'l Ass'n*, No. CV 20-8739, 2020 WL 5422813, at *1 (D.N.J. Sept. 10, 2020); No. CV 20-8739 at DE 8 (the "Reconsideration Order"). For the reasons below, I will also dismiss this petition.

II. **BACKGROUND**

The underlying events began in 2013 when Respondent sought to foreclose on Petitioner's home. *Id.* Petitioner twice sought to invoke federal jurisdiction, once through removal and once by filing a civil action, but both failed for lack of federal jurisdiction. (Reconsideration Order at 1.) Petitioner then filed the first habeas petition pursuant to 28 U.S.C. § 2254 and 2255, which I dismissed upon screening. *Goulding*, 2020 WL 5422813. In that decision, I held that Petitioner did not meet the requirements for habeas review. *Id.* Specifically, I held that Petitioner was not "in custody" because the underlying action was a foreclosure

---

[1] Pursuant to Rule 1(b), Rule 4's screening provisions also apply to § 2241 petitions.
[2] Notably, the new Petition does not mention this dismissal, or any other prior history.

proceeding, not events resulting in physical detention or restraints on her liberty. *Id.* at *2 (citing *Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007) (per curiam) (finding that individual seeking habeas relief from a state foreclosure action was not "in custody")). Shortly thereafter, Petitioner addressed a letter to Chief Judge Wolfson containing identical arguments. (No. CV 20-8739 at DE 9.

### III.   STANDARD OF REVIEW

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *accord Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985); *Harrison v. Schultz*, 285 F. App'x 887, 889 (3d Cir. 2008). Under Rule 4, a district court must examine a habeas petition prior to ordering an answer to determine whether "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also* 28 U.S.C. § 2243; *McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### IV.   DISCUSSION

This time, Petitioner has invoked 28 U.S.C. § 2241. (DE 1.) Unlike 28 U.S.C. §§ 2254 and 2255, § 2241 petitions "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005) (quoting *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001)). But like §§ 2254 and 2255, § 2241 habeas petitions require a petitioner to be "in custody." *Bonser v. Dist. Attorney Monroe Cty.*, 659 F. App'x 126, 127 (3d Cir. 2016). Petitioner is clearly aware of this constraint, because she discusses the history of habeas writs and Supreme Court precedent holding that a petitioner need not be in *physical* custody to file a habeas petition. (DE 1 at 2-3.) But as I previously informed Petitioner, "[c]ollateral consequences, that is, those consequences with negligible effects on a petitioner's physical liberty of movement, by definition do not severely restrain individual liberty." *Id.* at 128.

2

Petitioner's citations are readily distinguishable, as they involve "severe restraints on individual liberty" stemming from a criminal conviction. *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cty., California*, 411 U.S. 345, 351 (1973) (petitioner "cannot come and go as he pleases" because he had the "obligation to appear at all times and places as ordered by any court or magistrate of competent jurisdiction"); *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 488–89 (1973) (challenging future confinement pursuant to a detainer); *Carafas v. LaVallee*, 391 U.S. 234, 236, 88 S. Ct. 1556, 1558–59, 20 L. Ed. 2d 554 (1968) (permitting petitioner to proceed with habeas claim despite unconditional release from custody because of the "disabilities or burdens which may flow from petitioner's conviction," including the inability to engage in certain businesses, serve as a labor union official, vote in New York State elections, or serve as a juror); *Jones v. Cunningham*, 371 U.S. 236, 242, 83 S. Ct. 373, 377, 9 L. Ed. 2d 285 (1963) (petitioner on parole may file habeas claim because, among other things, he is "confined…to a particular community, house, and job," cannot drive a car without permission, and must "live in constant fear that a single deviation, however slight, might be enough to result in his being returned to prison").

According to Petitioner, the Petition should be permitted to proceed because, among other things, the foreclosure impeded gainful employment. (DE 1 at 3.) But at its core, the Petition relates to the same allegations already analyzed and dismissed: that Petitioner was denied due process in state foreclosure proceedings because Respondent "used false documents to steal [Petitioner's] home." (DE 1 at 3.) While I certainly do not seek to minimize the impact of the foreclosure upon Petitioner, even the most liberal interpretation of Petitioner's filing reveals no confinement or restriction on liberty stemming from a criminal conviction or other state court judgment. Indeed, Respondent is not even a government entity. The lone Defendant, U.S. Bank, is a private entity, not a government actor. *Gainer v. U.S. Bank Nat'l Ass'n*, No. 8:19-CV-2870-02, 2019 WL 11504452, at *3 (M.D. Fla. Dec. 4, 2019), *report and recommendation adopted*, No. 8:19-CV-2870, 2019 WL 11504418 (M.D. Fla. Dec. 23, 2019).

Accordingly, I will dismiss the Petition.

## V.   CERTIFICATE OF APPEALABILITY

A petitioner may appeal from a final order in a habeas proceeding only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, I find that jurists of reason would not disagree with the conclusion, as in prior orders, that Petitioner is not "in custody" pursuant to a state court judgment and therefore, is not entitled to habeas relief. Accordingly, I will decline to grant a certificate of appealability.

## VI. CONCLUSION

For the above reasons, Petitioner's petition for a writ of habeas corpus (DE 1) is dismissed. A separate order accompanies this Opinion.

Dated: July 22, 2021                  /s/ Kevin McNulty

                                                    KEVIN MCNULTY
                                                    United States District Judge